United States District Court
Southern District of Texas
**ENTERED**
May 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R WAYNE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:02-CV-00107 |
| | § | |
| JANA WHATLEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY MOTION TO VACATE AND TO IMPOSE FILING RESTRICTIONS

Plaintiff R. Wayne Johnson originally filed a civil rights complaint against state district court judges and others in 2002 challenging the state court's determination that he was a vexatious litigant under state law. In April 2002, the Court dismissed the complaint and entered final judgment against Plaintiff. (D.E. 4, 5). In July 2003, the Fifth Circuit dismissed Plaintiff's appeal from the final judgment as frivolous. *See Johnson v. Whatley*, 73 F. App'x. 79 (5th Cir. 2003) (*per curiam*) (unpublished).

Fifteen years after the final judgment was entered in this case, Plaintiff filed a Motion to Vacate which was construed as a motion for relief from judgment. (D.E. 27). On June 29, 2017, Senior District Judge Hayden Head denied Plaintiff's motion after finding it to be unintelligible. (D.E. 28). Judge Head sanctioned Plaintiff by limiting his ability to file future civil actions and by setting forth:

> **In addition, the Court will not accept any filing from [Plaintiff] in any closed case unless it is preceded by a motion for leave that explains why**

**his filing is not frivolous and sets out good cause for the filing.  Any motion for leave that is not granted within 20 days will be considered DENIED and the Clerk is instructed to immediately close the case.**

(D.E. 28, p. 2 (emphasis in original)).

On April 9, 2021, Plaintiff has filed a second Motion to Vacate which is construed as a motion for relief from judgment.  Plaintiff's motion is as unintelligible as his first motion.  He further has not filed a motion seeking leave to explain why his second motion for relief from final judgment is not frivolous or otherwise show good cause for filing.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for relief from judgment (D.E. 29) be **DENIED**.  The undersigned further respectfully recommends that, in addition to recognizing and implementing the sanctions imposed by Judge Head, the Clerk be **DIRECTED** to automatically return any future filings by Plaintiff in this case without docketing.  The Clerk should be mindful, however, to accept for filing any objections submitted by Plaintiff with respect to this Memorandum and Recommendation.

Respectfully submitted on May 7, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).